HEWLETT, Appellant, v. STEELE et al., Respondents.

No. 7558; February 15, 1883.

Appeal—Court's Opinion not Part of Record.—A point urged on appeal, based upon the trial court's opinion, which is no part of the record, will not be considered.

Appeal—Point not Excepted to Below.—A point urged on appeal, as to which point no exception was taken at the trial, will not be considered.

Evidence—Hearsay.—Evidence of a Conversation had in a room where plaintiff was at the time need not be excluded as hearsay, if it is left to the jury to determine whether the plaintiff heard it.

Evidence.—Oral Testimony of the Contents of a Letter may be stricken out.

Witness—Examination, Control of by Court.—The trial court's discretion in preventing frequent repetitions of the same question to a witness and in restricting cross-examination is to be upheld, if not abused.

Evidence—Objections.—To Make Them Matters of Appeal, questions put to a witness by the trial court must be objected to at the time.

APPEAL from Superior Court, San Francisco.

H. C. Firebaugh for appellant; Robinson, Olney & Byrne for respondents.

By the COURT.—The court below found that plaintiff waived his right to the notes of defendant, under the com-

position agreement, and had received in lieu thereof the note of J. C. and George Steele for four thousand dollars, bearing interest at the rate of twelve per centum per annum (which note was paid), together with the right to retain a residuary interest in certain stocks; also, that the four thousand dollar note was paid. The evidence admitted without objection sustains the finding.

The appellant seeks to maintain his first point by reference to the opinion of the court below, which constitutes no part of the record.

The second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth "points" made by appellant cannot be considered, because no exceptions were reserved to the action of the court below in the particulars complained of.

The plaintiff (the appellant) moved to strike out, as hearsay, testimony of an alleged conversation which was admissible if heard by plaintiff. Plaintiff was in the room when the conversation was had, and may have heard it. The disputed question whether he did hear it was properly left to the jury.

The court below was justified in striking out oral testimony as to the contents of a certain letter.

Questions put by the judge below, of which appellant complains, were not objected to, and there was no abuse of power in preventing the repetition of the same question, once or oftener answered, or in restricting cross-examination within reasonable limits.

It is not necessary to consider other suggestions of appellant's counsel.

Judgment and order affirmed.